IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **ROSS BUNTROCK and MEDLEGAL LLP,** <br><br> **Plaintiffs,** <br><br> **v.** <br><br> **HARRY R. JACOBSON, M.D., RAY CAPP, and MEDLOGIC LLC,** <br><br> **Defendants.** | ) | **Case No. 3:25-cv-01425** <br> **Judge Aleta A. Trauger** |

## MEMORANDUM AND ORDER

Before the court is defendant Harry R. Jacobson, M.D.'s Motion for Review of Nondispositive Order of Magistrate Judge (Doc. No. 41), seeking review of the Magistrate Judge's Order ("October 7 Order") (Doc. No. 35) that, among other things, granted in part the plaintiffs' Motion to Compel (Doc. No. 24), specifically by (1) ordering the plaintiffs to amend their Requests for Production Nos. 2 and 3 ("RFPs 2 & 3") by narrowing the dates covered by the requests and making the responses subject to the Agreed Protective Order (Doc. No. 16) already in effect in this case; and (2) ordering Jacobson to respond to the plaintiffs' RFPs 2 and 3, as amended, no later than October 19, 2026.

For the reasons set forth herein, Jacobson's Motion for Review will be denied, and the October 7 Order will be affirmed.

## I. STANDARD OF REVIEW

When a magistrate judge issues a nondispositive order, any party has fourteen days within which to "serve and file objections to the order." Fed. R. Civ. P. 72(a). The district court "must consider timely objections and modify or set aside any part of the order that is clearly erroneous

or is contrary to law." *Id.*; *see also* 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any [nondispositive] pretrial matter . . . where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law."). "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 398 (1948); *Chesnut v. United States*, 15 F.4th 436, 451 (6th Cir. 2021). A legal conclusion is reviewed *de novo* and is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (quoting *United States v. Winsper*, No. 3:08-CV-631-H, 2013 WL 5673617, at *1 (W.D. Ky. Oct. 17, 2013)).

## II. BACKGROUND

This lawsuit, over which the court has diversity jurisdiction, arises from a business relationship gone sour. The plaintiffs bring claims against the defendants for breach of contract, fraud, and unjust enrichment. (Compl., Doc. No. 1; Am. Verified Compl., Doc. No. 38.[1]) Defendant Harry Jacobson brings counterclaims against the plaintiffs for breach of fiduciary duty, breach of contract, negligence, and trespass. (Verified Countercl., Doc. No. 14; Am. Verified Countercl., Doc. No. 47.) The parties embarked on discovery pursuant to the terms of the Initial Case Management Order in the spring of 2026, and the court entered their Agreed Protective Order on May 1, 2026.

The plaintiffs filed their Motion to Compel (Doc. No. 24) in late July 2026, which the undersigned judge referred to the Magistrate Judge for resolution. Following a first hearing on that dispute in September and the filing of the parties' Joint Discovery Dispute Statement, the

[1] The Amended Complaint was filed on October 19, 2026, after the October 7 Order.

Magistrate Judge held a second conference call to address the parties' dispute on October 6, 2026. (*See* Tr. of Oct. 6, 2026 Audio Proceedings, Doc. No. 41-3 ("Tr.").) From the transcript of that conference, it appears that the parties, under the Magistrate Judge's guidance, had by then already resolved most of the discovery disputes raised in the Motion to Compel, except, notably, Jacobson's objection to RFPs 2 and 3, which request the production of "all versions of the Personal Financial Statement(s) ('PFS') that Harry Jacobson provided to Bankwell Bank in January 2021 or at any time thereafter, including all subsequent amendments, updates, or revisions thereto, and all documents supporting the contents of each PFS" (RFP 2) and "all other personal financial statements, net worth statements, or financial disclosures prepared by or on behalf of Harry R. Jacobson and/or [spouse] Carol Jacobson that were submitted to any potential lender(s), investor(s), or financial institution(s) other than Bankwell Bank, or any court or governmental agency between 2019 through the present" (RFP 3). (*See* Doc. No. 24 at 19–20.)

After hearing extensive argument from the plaintiffs and Jacobson regarding these RFPs, the Magistrate Judge advised the parties that he was not "deciding the merits" of the case but was simply addressing whether the discovery the plaintiffs sought was relevant to a claim or defense and proportional to the needs of the case. (Tr. at 29, 50.)[2] And, because the plaintiffs properly pleaded a claim of fraudulent inducement based on Jacobson's personal assurances as to his net worth and liquidity, they had shown that the discovery sought from Jacobson was relevant. (*Id.* at 30–31, 49–50.) Regarding proportionality and Jacobson's privacy concerns, the Magistrate Judge found that the requests were "pretty clear on what they're asking for and what they're not asking for," but he modified the temporal scope of the RFPs to the time period from 2019 through January

[2] The court employs the original transcript pagination, rather than the CM/ECF-supplied page numbers.

2024 and made it clear that any responses would be subject to the previously entered Agreed Protective Order. (*Id.* at 50.) And, after confirming with Jacobson's counsel as to how long they needed, he granted two weeks to respond. He subsequently entered the October 7 memorializing his ruling granting the plaintiffs' Motion to Compel responses to RFPs 2 and 3. (Doc. No. 35.)

Jacobson thereafter filed his Motion for Review and supporting Memorandum of Law.[3] (Doc. Nos. 41, 41-1.) The plaintiffs filed a Response to the Motion for Review. (Doc. No. 45.)

## III. DISCUSSION

In support of his Motion for Review, Jacobson reprises, briefly, his argument that the requested financial documentation is not relevant to the plaintiff's claims. He adds a new argument not raised in either of the conferences with the Magistrate Judge: that counsel recently learned that plaintiff Ross Buntrock had "executed a release of all claims in August of 2023 as to Defendants MedLegal and its directors, officers, employee, agents etc from 'any and all liabilities of any nature whatsoever'" but that, despite this release, Buntrock insists on proceeding with this litigation. (Doc. No. 41-1 at 3.) Jacobson asserts that the court should immediately "stop any further discovery, including and especially the request for PFS of Harry Jacobson immediately until such time as a Motion can be prepared and filed addressing the issue of the release of all claims." (*Id.*) He also appears to argue that RFPs 2 and 3 are disproportionate to the needs of the case because the defendants have already produced mountains of financial documentation and that Jacobson's "personal financial statements" will not "shed any additional light on the Bankwell funds." (*Id.* at 4.)

[3] He also filed a Motion to Stay pending review (Doc. No. 40), which the court granted (Doc. No. 44).

The plaintiffs, in response, argue exhaustively that: (1) Jacobson makes no effort to argue that the October 7 Order is clearly erroneous or contrary to law, and his motion should be denied on that ground alone; (2) the Order is not clearly erroneous or contrary to law, as the discovery ordered is clearly relevant and proportionate to the needs of the case, particularly given the time limitations established by the Magistrate Judge; (3) the Magistrate Judge's incorporation of the Agreed Protective Order addressed Jacobson's privacy concerns; and (4) the release to which Jacobson refers was not raised in the proceedings before Magistrate Judge Evans, is not before the court, does not justify halting discovery altogether, and is not a bar to the plaintiffs' claims. (Doc. No. 45.)

The plaintiffs add that Jacobson's alternative request that all discovery be stayed "until such time as a Motion can be prepared and filed addressing the issue of the release of all claims" (Doc. No. 41-1 at 5) should be denied and that the court should order immediate production of the requested documents.

The court finds that Jacobson's Motion for Review and alternative request for a stay of all discovery are both without merit. Jacobson makes no effort to show that the Magistrate Judge's finding that the requested discovery is both relevant and proportionate to the needs of the case, as required by Federal Rule of Civil Procedure 26, is erroneous or contrary to law. Instead, he raises a wholly new argument, not presented to the Magistrate Judge, that a release signed by plaintiff Buntrock is dispositive of all of his claims and will compel their dismissal. Jacobson, however, has neither filed a dispositive motion nor explained how such a motion, if filed, would justify a cessation of all discovery.

## IV. CONCLUSION AND ORDER

Jacobson's Motion for Review (Doc. No. 41) is without merit and is hereby **DENIED**. The October 7 Order (Doc. No. 135) is **AFFIRMED**, and Jacobson is **DIRECTED** to respond to Plaintiffs' Requests for Production Nos. 2 and 3, as amended by the Magistrate Judge and set forth in the October 7 Order, no later than **Friday, November 6, 2026**.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge